NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-534

COMMONWEALTH

vs.

EVALIZ SOTO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On February 29, 2024, following a jury-waived trial, a Boston Municipal Court judge found the defendant guilty of assault and battery with a dangerous weapon in violation of G. L. c. 265, § 15A (b), and assault and battery on a family or household member in violation of G. L. c. 265, § 13M (a).[1]  The defendant appeals, contending that the judge erred by denying her motions for required findings of not guilty for each charge which were made both at the close of the Commonwealth's case and renewed at the close of the defendant's case.  We affirm.

---

[1] The defendant received one year of probation with conditions, namely that the defendant complete an anger management program within the first six months of her probation and submit to a mental health evaluation.

Discussion.  In reviewing the denial of motions for required findings of not guilty we review for "whether the evidence, in its light most favorable to the Commonwealth, notwithstanding the contrary evidence presented by the defendant, is sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged" (citation omitted).  Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  "[T]he evidence and the inferences permitted to be drawn therefrom must be of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of [guilt] beyond a reasonable doubt" (quotation and citation omitted).  Id.  Because the Commonwealth's case did not deteriorate during the presentation of the defendant's evidence, we need not consider separately the defendant's renewed motions for required findings of not guilty made at the close of all the evidence.  See Commonwealth v. Kelley, 370 Mass. 147, 150 n.1 (1976).  See also Commonwealth v. Dubois, 451 Mass. 20, 28 (2008), quoting Commonwealth v. O'Laughlin, 446 Mass. 188, 203 (2006) ("Deterioration only occurs where the Commonwealth's evidence of necessary elements 'is later shown to be incredible or conclusively incorrect'").  "A victim's testimony of facts constituting an element of a charged offense is sufficient,

standing alone, if credited by the [fact finder]."  Commonwealth

v. Tillson, 104 Mass. App. Ct. 180, 186 (2024).[2]

1.  Assault and battery with dangerous weapon.  To prove

that a defendant committed assault and battery with a dangerous

weapon, the Commonwealth must show that "(1) the defendant

intentionally touched the victim, however slightly; (2) the

touching was unjustified; and (3) the touching was done by means

of (i.e., with) a dangerous weapon."  Commonwealth v. Raedy, 68

Mass. App. Ct. 440, 443 (2007).  "[O]rdinarily innocuous items

can be considered dangerous weapons when used in an improper and

dangerous manner."  Commonwealth v. Sexton, 425 Mass. 146, 149

(1997).  Whether the defendant used an object in a dangerous

manner is a question for the fact finder.  See id.

The defendant contends that the evidence was insufficient

to convict the defendant of assault and battery with a dangerous

weapon.  She argues that (1) the weapon she used, an aluminum

Hydro Flask bottle half filled with water, is not capable of

producing serious bodily injury in the way she was alleged to

have used it because it did not cause serious bodily harm to the

victim, and (2) there was no objective evidence of the bottle

hitting the victim.  We are not persuaded.

---

[2] We also note that we have viewed a video recording of the entire incident that was entered in evidence.

3

To begin, there is no requirement that an object used in an assault must cause an injury to be considered dangerous.[3]  See Commonwealth v. Mattei, 455 Mass. 840, 846 (2010) ("The law need not wait until the instrument actually does cause serious bodily harm in order to classify the weapon as dangerous" [citation omitted]).  Even putting that aside, the victim here testified that the Hydro Flask bottle hurt when it struck his head and caused a "knot" on his head.  He further testified that the Hydro Flask was made of aluminum and was half full when it struck his head.  The Commonwealth also entered in evidence a photograph of the Hydro Flask bottle that corresponded to the victim's description of the item.  Therefore, the evidence was sufficient for the judge to conclude that the defendant threw a half-full metal bottle at the victim which struck his head and, accordingly, to find that she used the metal bottle in an improper and dangerous manner.  See Sexton, 425 Mass. at 149.

The defendant's argument that there was no objective evidence that the bottle hit the victim is unavailing.  Of course, under the Latimore standard, we are not limited to objective evidence but instead consider the evidence in the light most favorable to the Commonwealth.  See Latimore, 378

---

[3] Indeed, if the weapon had caused serious bodily injury, the potential maximum sentence that the defendant faced would have been much greater.  See G. L. c. 265, § 15A (c).

4

Mass. at 676-677.  The victim testified that the bottle hit him hard enough that his head hit the window of the car.  This was sufficient for the judge to conclude that the bottle hit the victim and that the defendant committed the offense as charged. See Tillson, 104 Mass. App. Ct. at 186.

2.  Assault and battery on family or household member.  The defendant contends that the evidence was likewise insufficient to convict the defendant of assault and battery on a family or household member where there was "scant evidence" presented at trial that the defendant committed an assault and battery on the victim.[4]  However, just as the victim's testimony was sufficient to establish that the Hydro Flask water bottle hit him, the victim's testimony was likewise sufficient to establish that the defendant grabbed the "hoodie" he was wearing and that the touching was nonconsensual.  See Tillson, 104 Mass. App. Ct. at 186.

The defendant also claims, for the first time on appeal, that the judge should have found that she acted in self-defense based on a photograph of bruises on her arms taken after the incident and her contention that the video recording of the incident shows her struggling to leave the victim's car.  The

---

[4] The defendant concedes the victim fits the definition of a family member pursuant to G. L. c. 265, § 13M, because the defendant and the victim have a child in common.

5

claim is meritless and, more importantly, waived.  As such we review for a miscarriage of justice.  See Commonwealth v. Randolph, 438 Mass. 290, 297 (2002) (unpreserved claims in appeals from criminal cases reviewed for substantial risk of miscarriage of justice).  Here, a reasonable fact finder viewing the video recording of the incident entered in evidence could conclude that the video shows the defendant reenter the victim's car repeatedly throughout the altercation.  The video recording also shows that the victim did not pursue the defendant out of the car either time he pushed the defendant out of his car.  While the defendant at one point braces her right leg against the car door, it is not obvious that this shows (as the defendant claims) the defendant struggling to get out of the car.  The judge therefore had ample ground to reject a self-defense theory based on the fact that the defendant did not use all reasonable means to avoid physical combat.  See Commonwealth v. King, 460 Mass. 80, 83 (2011) (self-defense instruction warranted if evidence, viewed in light most favorable to

6

defendant, shows, among other things, that defendant "used all reasonable means to avoid physical combat").[5]

Judgments affirmed.

By the Court (Desmond, D'Angelo & Smyth, JJ.[6]),

*Paul Little*

Clerk

Entered:  May 14, 2026.

---

[5] It is of no moment that the judge did not state that he had considered a self-defense claim, because "[a] trial judge sitting without a jury is presumed, absent contrary indication, to have correctly instructed himself" on the law applicable (citation omitted).  Commonwealth v. Adkinson, 442 Mass. 410, 421 (2004).  The judge either could have considered and rejected a self-defense claim or could have declined to consider a self-defense claim.  See King, 460 Mass. at 83.

[6] The panelists are listed in order of seniority.